B. JOSEPH FOLEY ET AL., PROSECUTORS, v. MAYOR AND
COUNCIL OF THE BOROUGH OF BOGOTA, RESPOND-
ENT.

Decided September 25, 1924.

Municipalities—Improvements—Ordinances Passed—No Protest
—Allegation That Improvement Not Necessary and Ex-
travagant—Writ Dismissed.

On *certiorari*.

Submitted on briefs by stipulation to Mr. Justice Parker
sitting for the court.

For the prosecutors, *DeTurck & West*.

For the respondent, *Frank W. Hastings, Jr.*

PARKER, J.

The writ seems to have been allowed by Mr. Justice Swayze
in October, 1923, but I had heard nothing of the case until
September 8th, 1924, when I found the papers had been left
at my house.

The principal attack seems to be upon the good faith of
the borough council in rescinding an ordinance for a local
improvement after the filing of protests under the Home
Rule act had put the whole matter, in tram for a referendum
election, and in re-enacting a similar ordinance later, as to
which no protest seems to have been made.

The first step was on August 22d, 1922, when a petition
was filed for the improvement. The ordinance passed first
reading September 12th; a protest of owners along the line
of the improvement was made and adjudged insufficient. On
October 3d the ordinance was finally passed. The mayor
vetoed it and council passed it over his veto October 10th. A
further protest, under the general ten per cent. clause (*Act*
37, § 24, *Pamph. L.* 1917, *p.* 461), was filed and con-

sidered sufficient to defeat the scheme unless it should be supported by a referendum election. The council thereupon repealed the ordinance and no election was held. This action was on May 22, 1893. At the same meeting a petition for a very similar improvement was presented. The only material difference between the first scheme and the second seems to be that in the second, the proposed improved roadway is to be three feet narrower than in the first. The expense is consequently somewhat reduced, but the general character of the improvement remains the same, and the substantial complaint is that it is an unnecessary piece of extravagance on the part of the council.

The question of power to pass this new ordinance seems to have been referred to the borough attorney, and after his favorable report, the new ordinance was introduced on August 14th, 1923, about three months after the petition was presented. The number of petitioners seems to have con-considerably increased.

I find no technical objection to the procedure that seems worthy of consideration. I know of no valid objection to the repealer of an ordinance pending a referendum thereupon. It may in certain cases be evidential of bad faith (and this is claimed here) but it is not *per se* illegal. No irregularity in the repealer is alleged. The substantial claim is that the council has succeeded in putting the second ordinance through by trickery. But prosecutors had plenty of time to block the whole thing, by getting a protest of abutting owners or under paragraph 24. The second ordinance was not finally passed till September 25th, 1923. The only basis of setting aside this ordinance is fraud, and the prosecutors are very far from having proved that to my satisfaction.

The writ is dismissed, with costs.